IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. PARIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4071 |
| | : | |
| CAPTAIN EASON, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                 **OCTOBER 15, 2020**

Plaintiff Thomas J. Paris, a prisoner at SCI Chester, filed this civil action pursuant to 42 U.S.C. § 1983, claiming that the calculation of his sentence violates his rights. For the following reasons, the Court will grant Paris leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.       FACTUAL ALLEGATIONS**

Mr. Paris named the following Defendants in his Complaint: (1) Captain Eason, identified as a "Facility Manager"; (2) a John Doe records officer; (3) a John Doe probation officer; and (4) SCI Chester. The Court understands Paris to be suing the individual Defendants in their individual capacities because they are allegedly responsible for the incorrect computation of his criminal sentence by virtue of their positions. (ECF No. 1 at 2.) Paris alleges his Complaint is based on "Ineffective [Counsel] and a Breakdown in the Departm[e]nt of Corrections at S.C.I. Chester in Part to Court Documents Causing an Incorrect Computation of Sentence." (*Id.* at 3.)

Mr. Paris does not provide additional details on why he believes his sentence was incorrectly calculated. He refers to two exhibits attached to the Complaint, (*id.* at 3), but the Court did not receive those exhibits. Paris alleges that he filed grievances at SCI Chester and

that he litigated the matter in court, but that he did not receive his requested relief. (*Id.* at 4.) Public records reflect that Paris filed a post-conviction petition "arguing the court should modify and reduce his term of imprisonment" and a second post-conviction petition "claiming the court failed to provide credit for the time [he] spent at liberty on probation/parole", both of which were denied. *Commonwealth v. Paris*, No. 1114 MDA 2019, 2020 WL 430892, at *1 (Pa. Super. Ct. Jan. 28, 2020) (internal quotations omitted). He also filed a federal habeas petition challenging the calculation of his sentence, which is pending in the United States District Court for the Middle District of Pennsylvania, *Paris v. Commonwealth*, Civ. A. No. 20-1179 (M.D. Pa.), and two other habeas petitions, ultimately consolidated and likewise pending, alleging he received an illegal sentence on a burglary conviction. *Paris v. Commonwealth*, Civ. A. Nos. 19-2098 & 19-2198 (M.D. Pa.).

Mr. Paris brings this civil action pursuant to 42 U.S.C. § 1983 asking the Court to "Dismiss and Vacate the Incorrect Sentence and to Relieve [him] of the Aggregation of an Incorrect Sentence." (ECF No. 1 at 4.) In addition to his request that the Court vacate his sentence as calculated, he seeks compensatory and punitive damages. (*Id.* at 5.) The Complaint also cites state and federal provisions pertaining to habeas relief.

## II.     STANDARD OF REVIEW

The Court will grant Mr. Paris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[1] However, as Paris is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Paris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

Mr. Paris's claims fail because they are not cognizable in a civil rights action. The Court understands Paris to be alleging that the state courts incorrectly calculated and/or aggregated his criminal sentences — possibly due to ineffective assistance of counsel — and that officials at the prison where he is incarcerated violated his rights by carrying out the sentence put in place by the court. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, Paris's request for vacatur of his sentence is not cognizable in a civil rights action such as this one. Rather, if he seeks to challenge the calculation of his sentence in federal court, he must pursue his claims in a habeas petition. As noted above, Paris has already filed such a petition, which is pending in the Middle District of Pennsylvania.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "Under *Heck*, as relevant here, a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can prove that the erroneous calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief." *Abbott v. Pa. Dep't of Corr.*, 426 F. App'x 42, 43 (3d Cir. 2011) (per curiam).  As the Complaint and public record reflect that Paris has not yet been successful in challenging the calculation of his sentence, his damages claims are not currently cognizable in a civil rights action.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Paris leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. §

---

[2] There are other reasons why Paris's claims fail.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  SCI Chester, which is part of the Commonwealth of Pennsylvania's Department of Corrections, is entitled to Eleventh Amendment immunity and is not considered a "person" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).  Furthermore, Paris has not alleged with any specificity how the individual Defendants were personally involved in the alleged violation of his rights so as to state a plausible claim against them.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018) ("[P]ersonal involvement of each defendant is a prerequisite to liability in § 1983 cases.").

1915(e)(2)(B)(ii).  Mr. Paris's claims for injunctive relief are dismissed without prejudice to him pursuing those claims in his pending habeas petition, and his damages claims are dismissed without prejudice to reassertion in a new civil action only in the event Paris's convictions are reversed, vacated, or otherwise invalidated.  *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).  Mr. Paris will not be given leave to file an amended complaint in the instant case, because amendment would be futile.  An appropriate Order follows.

                               **BY THE COURT:**

                               **/s/ Gerald Austin McHugh**

                               **GERALD A. MCHUGH, J.**